ABRAHAM SCHIELDS, Respondent, v. DANIEL HICKEY, Appellant.

**St. Louis Court of Appeals, May 17, 1887.**

1. EQUITY—FRAUD.—One who seeks relief in equity, on the ground that he was induced by fraud to sign one instrument, when he intended to sign another, must adduce substantial evidence tending to prove the fraud as alleged.

2. —— FAILURE OF PROOF.—The plaintiff can not obtain relief in equity on the sole ground that the bargain he made was an unconscionable one, which would not have been made but for his ignorance, without proof tending to show that his alleged mistake was caused by the fraud of the adverse party.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

JAMES L. BLAIR, for the appellant: The notes and deed of trust were void on the ground of incapacity on the part of the appellant and his wife. 2 Pomeroy's Eq. Jur., sects. 948, 944, note 1. And on the ground of gross inadequacy of consideration alone ; also, because the respondent fraudulently represented the deed and notes to be papers necessary to secure to the appellant a lease of the premises. *Nelson v. Betts*, 21 Mo. App. 220 ; Pom. Eq. Jur., sects. 927, 928 ; Kerr on Fraud and Mistake, 161, 468, 470 ; 1 Story's Eq. Jur. [10 Ed.] sects. 246, 248, 249, 324, 331 ; Cooley on Torts, 476, and cases cited ; *Griffith v. Townley*, 69 Mo. 13, 22, and cases cited ; *Hopkins v. Williams*, 58 Mo. 201 ; *Tracy v. Sacket*, 1 Ohio St. 54, 60 ; *Scoville v. Barney*, 4 Oreg. 288 ; *Cruise v. Christopher*, 5 Dana, 181 ; *Dailey v. Jessup*, 72 Mo. 144 ; *Buffalow v. Buffalow*, 2 Dev. & Bat. Ch. R. 241 ; 3 Wh. & Tud. Leading Cas. in Eq. 136 ; *Whithorne v. Hines*, 1 Munford, 555 ; *Osgood v. Franklin*, 2 Johns.

Ch. 23; *Howell v. Baker*, 4 Johns. Ch. 118; *Chesterfield v. Janssen*, 2 Ves. 155; *Wambaugh v. Bimer*, 25 Ind. 368; *Seymour v. Delaney*, 6 Johns. Ch. 222, 226; *Fain v. Brown*, 2 Ves. 304; *Hamet v. Dundass*, 4 Barr. 178; *Thompson v. Harcomb*, 2 Bro. P. C. 415. The parties should have been put back into their original position. *Alexander v. Relfe*, 74 Mo. 520, 521, and cases cited; *Parker v. Marquis*, 64 Mo. 38; Pomeroy's Eq. Jur., sect. 327; *Holland v. Anderson*, 38 Mo. 55, 58.

A. A. PAXSON, for the respondent, cited *Jackson v. Wood* (58 Mo. 76).

ROMBAUER, J., delivered the opinion of the court.

This was a suit at law upon a promissory note for three hundred and fifty dollars, alleged by the respondent to have been executed by the appellant, dated March 31, 1884, payable one year after date. The petition states that the note is unpaid, with the exception of the sum of sixty-seven dollars, paid thereon May 20, 1885, and prays judgment for the amount still due, to-wit: two hundred and eighty-three dollars, with interest at ten per cent. from maturity.

The answer first denies the execution of the note, and then sets up that its execution was brought about by the fraud and deceit of the plaintiff, together with the execution of another note, of the same date, tenor, and amount, payable two years after date; that the defendant, in March, 1884, intended to lease a lot from the plaintiff for a long time, and, on account thereof, his wife, without the defendant's knowledge, paid to the plaintiff the sum of one hundred dollars; that the plaintiff fraudulently represented to the defendant that, in order to complete this supposed leasing transaction, it would be necessary to execute certain papers, and, by that pretense, caused the defendant to execute the two notes, and a deed of trust on the property securing them, such property being the one which the defendant intended to lease, but which, in fact, the plaintiff sold

to him ; that the plaintiff delivered to him a warranty deed therefor, which, the defendant thought, was the lease thus bargained for.

The answer prays for a cancellation and surrender of the notes, a cancellation of the deed of trust, and a money judgment against the plaintiff for the sum of ninety dollars, being the difference between the rental value of the lot for one year, while the defendant was in possession thereof, and the one hundred dollars, which the defendant's wife paid to the plaintiff on account of the supposed leasing transaction.

The case was tried by the court. The court rendered judgment for the plaintiff on the note sued on, but decreed a cancellation, and surrender, of the other note. From the judgment and decree thus rendered, the defendant, alone, appeals.

We have carefully examined and analyzed the testimony in the record, and can see no ground upon which we can legally vacate the judgment thus rendered. It is needless to decide whether the review of the judgment should be governed, in this court, by rules applicable to legal, or equitable proceedings, as, in either view, the defendant's complaint that the judgment is erroneous, so far as he is concerned, must fail.

That the defendant is an ignorant man, that the lot in controversy was sold to him at an exorbitant value, and that the bargain was an unconscionable one, may be readily conceded. All these facts entitle him to no relief, of themselves, either legal or equitable. His claim is, not to have the transaction vacated on any of these grounds, but, to have it vacated on the ground that he intended to sign a lease, and was, by the fraud of the plaintiff, made to sign, instead, some notes, and a deed of trust securing them.

As to what preceded the execution of any papers is stated by the defendant's wife as follows :

"I met Mr. Schields one day, and says to him, 'it will be an accommodation if you will give me the privi-

lege of putting carts on that lot there.' He says, ' yes.'
And I says, ' well ' sir, I didn't know that you were going
to charge me anything for the lease of it; but I thought
you were to give me the privilege of doing so.' So he
says to me, ' I will give it you if you want it, if you will
give me one hundred dollars.' Then, sir, I raised him
one hundred dollars to save my husband so much
trouble for his going all over with his carts ; so I
counted him out one hundred dollars ; that was all that
I had to do about it."

This witness denies that she ever saw the plaintiff
after that, or that she ever signed any paper, although
the deed of trust, as well as the notes, purport to be
signed by her mark ; and she is identified by the notary
as one of the persons who signed the deed of trust and
notes in his office. She is, also, contradicted on that sub-
ject by her own husband, who swears that they went
together to the plaintiff's office, the plaintiff being
present, and that neither of them signed any papers
there, his wife sitting by his side all the time while they
were there.

The defendant's own testimony is full of contradic-
tions. He states that he never signed any note for the
plaintiff ; that he never had any dealings with him, but,
shortly afterwards, states that a certain conversation
with the plainti— took place just before the execution of
the notes. He first states that he never met the plaintiff
after his wife gave to the plaintiff the one hundred
dollars, and, then, that he and his wife went to the
plaintiff's office, after that, and saw him there. He
states that he never got any papers from the plaintiff,
and yet, his counsel produced the deed for this property
in court. We have, however, looked in vain for any
evidence whatever, either in the defendant's testimony
or that of his wife, tending to show that a certain paper
was represented to him or to her to be a lease, when, in
fact, it was a trust deed, and two notes, which facts are
stated in his petition as the basis of his claim for relief.

The defendant's testimony, even so far as it went, was directly contradicted by the plaintiff himself. It was contradicted by the notary, who took the acknowledgment, and who is wholly disinterested. · It was contradicted by another unimpeached and disinterested witness, to whom the defendant said that he bought the property ; and, we may add, it stands contradicted by the inferential evidence arising from all the surrounding circumstances.

The true version of the transaction appears to be this : The plaintiff sold the property to the defendant at an unconscionable and exorbitant price. The defendant, discovering that he had made a bad bargain, and being too ignorant to know that he was personally responsible on his notes, in case the amount realized from the property at trustee's sale failed to satisfy the debt, concluded to abandon it, when he learned that it was advertised for sale under the deed, and tried to get back from the plaintiff part of the purchase money which he had paid in cash. Failing in this, he did nothing further, until suit was brought against him on the residue of the notes.

This is the only version of the transaction that finds an intelligent support in the evidence and surrounding circumstances. The defendant was clearly laboring under a mistake of law, as to the contract he actually entered into ; but it does not appear that that mistake was the result of any fraudulent act on the part of the plaintiff. No case has been cited in the able and exhaustive brief presented by the defendant's counsel, which would entitle him to relief under such circumstances.

The trial court, upon the hearing, did grant to the defendant partial relief. Whether this was warranted or not, under the evidence, it is clear that the defendant is in no position to complain.

The judgment is affirmed. Thompson, J., concurs ; Lewis, P. J., is absent.