JAMES K. PERSE, Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 14, 1892.

Railroads: KILLING STOCK: NEGLIGENCE. In an action for negligently killing stock, where there is an utter failure of proof of negligence, as in this case, there can be no recovery; mere conjecture will not do.

*Appeal from the Linn Circuit Court.*—HON. W. H. BROWNLEE, Special Judge.

*Gardiner Lathrop, A. W. Mullins* and *S. W. Moore,* for appellant.

(1) We most earnestly submit that when the unimpeached and uncontradicted testimony of the only eye-witnesses to an occurrence constitutes a perfect defense to an action, it is the duty of the court to set aside a verdict against such testimony, and founded merely upon conjectures and inferences. *Pearson v. Railroad,* 32 Mo. App. 543; *Jennings v. Railroad,* 37 Mo. App. 651; *Garrett v. Greenwell,* 92 Mo. 121; *Moore v. Railroad,* 28 Mo. App. 622. In the latter case the just and reasonable rule is laid down that a verdict founded upon mere conjecture or possibility or probability, however reasonable, will not be permitted to stand. The decision of this court in *Jewett v. Railroad,* 50 Mo. App. 547, to which our attention was called by the court, upon the argument, is decisive of this case.

*Harry K. West,* for respondent.

When the evidence is conflicting, as in this case, the verdict of the jury is conclusive as to the facts, and the appellate court will not interfere by weighing the evidence upon which it is founded. *City of St. Louis v. Lanigan,* 97 Mo. 176; *Wilkinson v. Railroad,* 26 Mo. App. 144; *Taussig v. Shields,* 26 Mo. App. 318; *Davis v. Spicker,* 27 Mo. App. 279; *Walton v. Railroad,* 40 Mo. App. 544. The rule that when there is any substantial evidence to support a verdict the appellate court will not interfere is so fully understood and generally recognized that the further citation of authorities would be wholly superfluous.

ELLISON, J.—This action is based on common-law negligence of the defendant in running upon and killing plaintiff's horses. The result of the trial was a verdict for plaintiff. The defendant's road was properly fenced, and, the animals having escaped onto the track through a gate left open by one of plaintiff's neighbors, defendant was in no way to blame for the accident, unless after seeing the animals upon the track its servants could, by reasonable exertion having regard to the safety of the train, have stopped before overtaking them.

Defendant's servants were under no obligation or duty to look out for stock at that place. Their sole obligation, in this respect, being confined to making reasonable effort to avoid the accident, *after* discovering the danger. *Jewett v. Railroad*, 50 Mo. App. 547. Such is the condition of plaintiff's case at the outset, and, in view of the evidence which follows, it is apparent that he should not recover. There is an utter failure of proof of negligence, and in the absence of any being imputed by law none exists. The train was a freight train going at the speed of twenty-five miles an hour. The time was four o'clock A. M., on May 22. It had been raining and was wet and foggy. The place was in a "cut," where there is a curve in the track. No one saw the accident but the trainmen, and their testimony, considered alone, fully establishes that it was not possible to avoid the collision after discovering the horses.

There is nothing in the evidence for plaintiff, having a tendency to inculpate defendant. Plaintiff had gotten up before daylight, and was out from home hunting wolves. He was off the track two hundred and fifty yards or more sitting on a stump in the brush near by a wagon road. He saw the headlight of the engine as it entered the "cut," and heard the engine give three,

four or five blasts which he calls a stock signal. But at the same time says, "They generally give four blasts when they go into that cut." He did not know at this time that his horses were on the track, and his statement that this was a stock signal, instead of the usual cut signal, was, of course, mere conjecture.

Further analysis of the evidence is unnecessary since, from a consideration of its entire scope, it is apparent no case was made, and the judgment will; therefore, be reversed. All concur.