JASPER M. McLEMORE, Respondent, v. J. D. McNELEY *et al.*, Appellants.

Kansas City Court of Appeals, February 19, 1894.

1. **Injunction:** CLOSING UP HIGHWAY. In order to secure an injunction to prevent the fencing up of a street, it is necessary to allege and prove that the defendants are threatening to fence up the highway in question; and while the appellate court will defer to the finding of the trial court, there must be some evidence to support the finding, such rule does not apply in the total absence of any evidence.

2. **Dedication**: BY PAROL: PLAT: EXTENSION OF STREET: PURCHASER.. A dedication may be by act *in pais* and can be proved by parol, and does not deprive the dedicator of his land but estops him from asserting the exclusive right to the possession: and a dedication may be inferred for the continuation of a street when lots and blocks front on such extention and will be inaccessible without the extention, and this, too, without indications by words or lines of any such extentions. where a purchaser knows a way has been open in front of the lots he is buying and the vendor shows him a plat of the block subdivided into lots fronting thereon, and he buys upon the faith of its being a street, the vendor will be irrevocably estopped to deny the appropriation.

3. ————: LIMITATION. The public acquire the right to an easement. from adverse use acquisced in by the owner for a period of time equal to that prescribed by the statute of limitation for bringing actions of ejectment.

*Appeal from the Dade Circuit Court.*—HON. D. P.. STRATTON, Judge.

REVERSED AND REMANDED:

*T. J. Murray* for appellants.

(1) There is no testimony in this case showing any act on the part of Judge Walker to dedicate this strip to the public but everything on the other hand, negatives the idea and shows that he laid out the town of Everton and had it platted as shown by the plat, with this strip closed up by mark, showing it was not. the intention to leave it open. *Baker v. Vanderberg,.* 99 Mo. 378; *Landus v. Hamilton,* 77 Mo. 554; *Putnam v. Walker,* 37 Mo. 600; *Nelson v. Nelson,* 41 Mo. App. 130; 5 American and English Enclyclopædia of Law, p. 400. (2) As to the right the public acquired in this strip of land by reason of occupancy of user, the law of this state is, that the use by neighbors of a passway over uninclosed woodlands is merely permissive use, which the owner may revoke at any time, and the user of the passway can never ripen into a prescriptive right. *Conyers:*

v. Scott, 21 S. W. Rep. 529; *Brink v. Collier*, 56 Mo. 160; *Pitzman v. Boyce*, 111 Mo. 387; *Stacy v. Milner*, 14 Mo. 478; *State v. Culver*, 65 Mo. 607; 19 American and English Enclyclopædia of Law, p. 7; *Blind Institute*, 27 Mo. 211; 2 Wash., Real Property [3 Ed.], p. 296; 2 Greenleaf on Ev. [13 Ed.], p. 593, sec. 664. (3) If there has been no adverse occupancy of the land, there can be no right of prescription acquired by the public. *St. Louis v. Priest*, 103 Mo. 652; *Bowman et al. v. Lee*, 48 Mo. 335; *Knowlton v. Smith*, 36 Mo. 507; *Hamilton et al. v. West et al.*, 63 Mo. 93; *Comstock v. Eastwood*, 108 Mo. 41; 19 American and English Enclyclopædia of Law, p. 12; *Landus v. Hamilton*, 77 Mo. 554. (4) There is not one word of evidence in this case showing that defendants or either of them, obstructed, offered to obstruct, or even threatened to obstruct this strip in any manner whatever, and as the threatened obstruction is the sole cause of action, the plaintiff failed to make out a case. Greenleaf on Evidence [13 Ed.], pp. 78, 90, 93, sec. 60, 71, 74; *Shields v. Hickey*, 26 Mo. App. 194; *Murdock v. Brown*, 16 Mo. App. 548; *State v. Willard*, 109 Mo. 242; *State ex rel. Attorney General v. Simmon's Hardware Co.*, 109 Mo. 118.

*Mann & Talbutt* for respondent.

(1) Injunction was the proper remedy in this case. Revised Statutes, 1889, sec. 5510. It has been decided in this state. *Harris v. Township Board*, 22 Mo. App. 465; *Weizel v. Walsh et al.*, 45 Mo. 560; *Echelkamp v. Scroder*, 45 Mo. 505; *Sedalia Brewing Co. v. Sedalia Water Works Co.*, 34 Mo. App. 49. (2) This strip of land had been dedicated to the public for a street by Ralph Walker, the original owner. He sold the land to Wilson, west of this strip, by exhibiting to him a plat showing this street laid out just as it was then

and is now open, and as Wilson afterward platted it. *Hare v. Wallace's Notes*; Smith's Leading Cases [6 Am. Ed.], p. 226; *Rutherford v. Taylor*, 38 Mo. 315; *Warden v. Blakey*, 32 Wis. 690. (3) According to the testimony, this street had been occupied and used by the public for more than ten years before this action was commenced, and the respondent claims that this vests the title to said street in the public. The decisions seem to be uniform on that point. *State v. Wells*, 70 Mo. 635; *State v. Davis*, 27 Mo. App. 624; *State v. Walters*, 69 Mo. 463; *Zimmerman v. Snowden*, 88 Mo. 218. (4) As to the other matters complained of by the appellants, we believe this court will defer to some extent to the trial court in its finding of the facts. *Chapman v. McIlwrath*, 77 Mo. 38; *Harris v. Township Board*, 22 Mo. App. 465; *Smith v. Phelps*, 74 Mo. 598; *Renfro v. Prior*, 25 Mo. App. 402.

SMITH, P. J.—This is a suit for an injunction. The petition alleged that he was the owner of certain lots in Wilson's addition in the town of Everton on the west side of what is known as Main street and having a frontage thereon of seventy-five feet and on which said lots is a dwelling house and appurtenances used for a family residence; that at the time plaintiff bought this property and for many years before that time there was an opening on the east side of said property seventy-five feet wide, which was used, occupied, worked, cared for and treated as said Main street in the town of Everton, and that the plaintiff's property was designed as fronting on said street, and that the said street runs north and south through said town of Everton; that said Main street as now and heretofore used is the only street that touches plaintiff's property and furnishes the only means of ingress and egress to a public thoroughfare; that the defendants are now

threatening to fence up and close in front (east) of plaintiff's property fifty feet of the said strip known as Main street, commencing at plaintiff's east line and including fifty feet on the west side of said Main street and running the full width of plaintiff's said property and thereby cut off all means of passing to or from plaintiff's lots onto said street, and cutting off from and depriving him of all the benefit of said street and thereby greatly injuring the plaintiff's property and rendering the same almost valueless as residence property.

The answer put in issue these allegations of the petition. On final hearing the temporary injunction which had been awarded was made perpetual from which the defendants have appealed.

The first ground of error assigned by the appealing defendants is, that there was no evidence adduced tending to show that the defendants or either of them had obstructed or threatened to obstruct said alleged street. We have scrutinized the abstract of the defendants as well as the counter abstract of the plaintiff and failing to find an utterance of any witness on the subject we are compelled to concede defendant's contention. The allegation that the defendant's threatened to fence the street or public way, if it was such, was essential. On satisfactory proof of this allegation, the court was authorized to award its injunctive process. High on Injunction, secs. 18, 628; *McArthur v. Kelly*, 5 Ohio, 140; *Deidrichs v. Railroad*, 33 Wis. 219. But since there was no proof of this allegation, which is the very basis of the plaintiff's claim for relief, the decree cannot be upheld. *Schields v. Hickey*, 26 Mo. App. 194. And while it is a rule of practice in equity cases that appellate courts will ordinarily defer to the finding of the trial courts where there is any evidence tending to support the finding, though conflicting, the rule

does not apply in cases where there is a total absence of such evidence, as here.

As we shall remand the cause so as to afford the plaintiffs, if they can or shall see proper to do so, an opportunity to supply at another hearing the defect in the proof to which we have just called attention, we may further indicate our views of the law arising on the facts which the evidence in the present record tends to establish. Where lands are dedicated by the owner to any lawful use and are used for the object and in the manner contemplated by the owner, it inures as a grant. If accepted and used by the public in the manner intended, it works as an estoppel *in pais* precluding the donor, and all claiming in his right from asserting any ownership inconsistent with this use. A dedication may be proved by parol, by act *in pais* as well as by deed. It is not necessary for the owner to part with the title which he has. It has the effect not to deprive the dedicator of his land but to estop him while the dedication continues in force from asserting that right of exclusive possession and enjoyment which otherwise he would have. *Rutherford v. Taylor*, 38 Mo. 315, and cases therein referred to. And so it has been ruled that, "A dedication of lands for the continuation of a village street will be inferred, because on the plat of the village certain lots fronted southward, and some of them would be inaccessible without such street, although there was no other indication by words or lines that the street was so continued." *Warden v. Blakely*, 32 Wis. 690.

In view of these principles, it seems to us that if it shall appear from the evidence at another hearing that when Wilson applied to Judge Walker to purchase block C., the latter exhibited a plat of said block (subsequently adopted and filed by the former), showing that the subdivisions thereof fronted east on

said strip, seventy-five feet wide, which was situate between the front of these subdivisions and the lots of one or more owners on the opposite side of such strip and that such strip extended south and connected with Main street—a public street of the town—and that some of said subdivisions, including those mentioned in plaintiff's petition, were inaccessible except over such strip, then the court would be justified in deducing the inference that it was the intention of Judge Walker to dedicate said strip for the extension of Main street in front of the block so subdivided. The fact that Judge Walker's plat showed this narrow strip as an apparent extension of Main street along in front of the lots of the block, would go far to support the inference of dedication and especially so if said lots were inaccessible except over such street.

It further occurs to us that if Wilson knew a street or way had been opened over this strip connecting with Main street at the time Judge Walker showed him the plat of the block, subdivided into lots fronting on this strip as an apparent extension of Main street and Wilson made his purchase upon the faith that it would be left open, then this amounted to an irrevocable appropriation as to Judge Walker or those claiming under him.

As to the question of limitation, it is sufficient to say that it is now the well settled rule in this state that the public may acquire the right to the use of a road or easement on the land of another where from long use thereof as such by the public, acquiesced in by the owner, and the adverse occupancy and use of the same for a period of time equal to that prescribed by the statute of limitations for bringing actions of ejectment." *State v. Warner*, 51 Mo. App. 171; *Mathews v. Railroad*, 26 Mo. App. 75; *Brown v. Railroad*, 20 Mo. App. 427; *State v. Wells*, 70 Mo. 635; *State v. Walters*, 69 Mo.

463; *State v. Ramsey*, 76 Mo. 398; *State v. Keeland*, 90 Mo. 337; *Zimmerman v. Snowden*, 88 Mo. 221; *Price v. Breckenridge*, 92 Mo. 378.

We have made the foregoing suggestions, as has been already intimated, so that the court and the parties may understand the views we entertain of the law which we think applicable to the evidence contained in the record now before us. It results that the decree of the circuit court will be reversed and the cause remanded. All concur.