FRANK SCHMIDT, et al., Respondents, v. J. B. BERGHAUS, et al., Appellants.

Springfield Court of Appeals, August 10, 1920.

1. **HIGHWAYS: Evidence Held Not to Show Expenditure of Money Warranting Injunction.** In an injunction proceeding against commissioners of a special road district to enjoin their spending any funds derived from poll taxes and general road fund taxes on

macadam, or hard surface roads, evidence *held* insufficient to sustain a finding that such improvements were being paid for out of such funds.

2. ———: **Road Commissioners Cannot be Compelled to Improve Roads in Any Manner, Under Statute.** Since Revised Statutes 1909, section 10585, and Session Acts 1917, p. 467, section 79, leave it in the discretion of commissioners of road districts as to what roads in any district shall be improved, and the manner of the improvements, it is beyond the province of the court of equity to make a special order, requiring commissioners to do what the law has already declared; there being no evidence to show that the commissioners are acting in violation of any law or threatening to so act.

Appeal from Circuit Court of Christian County.—*Hon. Fred Stewart*, Judge.

REVERSED.

*W. P. Sullivan* and *Moore, Barrett & Moore* for appellants.

(1) A remedy by injunction exists when it will prevent the doing of a legal wrong, where no adequate remedy at law exists. Section 2534, R. S. 1909. (2) "A mandatory injunction is usually denied when the plaintiff has a complete remedy by mandamus." Ettenson v. Wabash R. Co., 248 Mo. 395. (3) "An injunction cannot be issued to allay the fears and apprehensions of the plaintiff. He must show that the acts against which he asked protection are not only threatened, but in all probability will be committed." Lester Real Est. Co. v. City of St. Louis, 169 Mo. 227; McLemore v. McNeley, 56 Mo. App. 556. (4) It is discretionary with the Commissioners as to what roads any of the district's money shall be spent on, and the manner of the improvements is left to their judgment. Section 10585, R. S. 1909; Section 79, article 4, Laws 1917. Except as provided in section 1, page 477, Laws 1917. Section 10605, R. S. 1909, is merely directory, and the Commissioners may gravel and macadamize the roads of the district without

all the roads being in good repair, so long as they act with fairness.

*G. Purd Hays* for respondents.

(1) The petition states a good cause of action and is not questioned in this case except by motion in arrest. Rogers v. Western Home Town Mut. Fire Ins. Co., 186 Mo. 248. (2) Injunction is the proper remedy. Sections 2515 and 2534, R. S. 1909. A mandatory injunction is proper in this case. Camden Special Road District, et al: v. Willow Drainage Dist. et al., 199 S. W. 716.

FARRINGTON, J.—This is an appeal from the decree of the circuit court of Christian county entered in an injunction proceeding in which the defendants, Commissioners of a Special Road District, are enjoined from spending any funds derived from poll taxes and general road fund taxes of Christian County on macadam or hard surface roads until all public roads in said special road district were in good repair, and a mandatory order on the Commissioners not to spend the money derived and paid in to said Commissioners on all the public roads in said district.

It is charged in the petition that the plaintiffs are citizens and taxpayers residing in the Billings Special Road District in Polk Township, Chirstian County, and that the Billings Special Road District was organized and incorporated in the year 1914, and is composed of 49 square miles of territory, and that there are about 90 miles of legally established roads in the district under the immediate direction and supervision of the Commissioners, and that there are about 325 poll tax payers in the district paying $4 per capita in work, labor or money; that the sum of $4,000 is paid in to said Road Commissioners which is derived from the general road fund taxes. That at the time the petition was filed, there was $4,000 of such funds in the hands of the Commissioners and that during the year 1919 about $8,000 more would be collected and under the control of the Commis-

sioners, and that the Commissioners are using said funds and money to gravel, macadamize and make hard surface roads and streets in and near the city of Billings, to the neglect and detriment of all other public roads in said district, and that there are about 90 miles of public roads in said district in great need of work and repair, such as grading, building culverts, bridges and etc.

It is further alleged that $40,000 of bonds have been voted for the purpose of building, graveling and macadamizing and making hard surface roads in said district, and that the Commissioners have collected annually about $4,000 from the poll tax fund and the general tax fund, and that all the funds were put into one general fund and used for the purpose of hard surfacing the roads, to the abandonment and neglect of other public roads in the district.

Petitioners further state that they have no adequate remedy at law, and that the money derived from poll taxes and the general road tax fund which is being used by the Commissioners to hard surface the roads is contrary to law and is an irreparable injury to these plaintiffs, and pray for an injunction prohibiting the Commissioners from using the poll taxes or general roal fund taxes collected to hard surface or macadamize any road, and that the Commissioners be required to work, repair and improve all public roads in said district so far as funds on hand and to be collected in 1919 will work, repair and improve said roads.

A temporary writ of injunction was granted by the Court.

The defendants answered by general denial.

On trial of the cause, the court made the temporary injunction permanent.

Respondents cite us to sections 10,601 and 10,605, Revised Statutes of Missouri, 1909, which sections provide that these moneys derived from the general road fund taxes and poll taxes may only be used to gravel or macadam roads after all the roads and bridges in the district are in good condition and repair. In the peti-

tion it is specifically alleged that many of the roadways in the district are in very bad repair and that the Commissioners are using the funds which the above sections of the statute relate to for the purpose of macadamizing, graveling and hard surfacing certain roads to the detriment of others. · The petition in this respect states a good cause of action. When we come to examine the evidence, however, we find that there is a total failure of proof on this material allegation. One of the principal petitioners states as follows: "I do not know how much money the Commissioners have gotten from the ordinary revenue. I think I am just guessing when I make this statement in the petition. I couldn't tell whether these commissioners have spent any of the revenue from what is known as the twenty-five cent levy or from the poll taxes in graveling and macadamizing roads."

One of the Commissioners states positively that their Board has not used these funds to macadamize or hard surface any of the roads in the district, and in fact have used more funds than were derived from the poll tax and general road tax fund on the roads of the district in improving the same other than macadamizing or hard surfacing the same.

There can be no doubt from the testimony that many of the roads in the district are in deplorable state, but the charge that the Commissioners were wrongfully using the money which could go to their repair is utterly unsupported by the testimony, and we fail to see on what evidence the court could have. found that the road district was violating the law in this respect or was threatening to violate it..

As to the mandatory part of the injunction, we find that section 10,585, Revised Statutes 1909, and section 79, page 467, Session Acts of 1917, leave it in the discretion of Commissioners as to what roads in any road district shall be improved and the manner of the improvements. The evidence in the record before us fails to show that the Commissioners are acting in violation of the law or are threatening to so act. In such case it is beyond the province of a court of equity to make

a special order on a defendant requiring him to do what the law has already declared. [See McLemore v. McNeley, 56 Mo. App. 556; Lester Real Estate Co. v. St. Louis, 169 Mo. 227, 69 S. W. 300.]

While there was some testimony that petitions had been filed with the Commissioners, the proof failed to show that the road district was violating Section 1, Session Acts of 1917, page 487. The judgment will be reversed.

*Sturgis, P. J.,* and *Bradley, J.,* concur.