## MORRISON *v.* SLAPPEY *et al.*

FISH, C. J. "A nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful, or such as would affect only one of fastidious taste, but it must be such as would affect an ordinary reasonable man." Civil Code (1910), § 4457. "Where the consequences of a nuisance about to be erected or commenced will be irreparable in damages, and such consequences are not merely possible, but to a reasonable degree certain, a court of equity may interfere to arrest a nuisance before it is completed." Id. § 4459. Under the pleadings and the evidence submitted on the preliminary hearing, the judge did not err in granting an interlocutory injunction until the final trial of the case before the jury; the judgment being in part as follows: "This order shall not prevent the defendant from completing his building, but he shall not maintain or carry on the business of an undertaker thereat, directly or indirectly, nor make any preparations thereat or upon the premises so to do. Caskets and other equipment incident to such business which may now be stored in said building may there remain; but no other equipment, whose nature for such purpose is apparent by external appearance, shall be carried thereto; but if defendant shall carry on an undertaker's business elsewhere, he may, if he so desires, use the garage on his premises at the place in question for the storage of his hearse or hearses, with ingress and egress with said hearses thereto and therefrom over his own property." It does not appear from the judgment granting an interlocutory injunction that it was based on the ground that the operation of an undertaking establishment in a residential section is a nuisance per se, and no ruling is here made on that point.

*Judgment affirmed. All the Justices concur.*

No. 2761. JULY 11, 1922. REHEARING DENIED JULY 15, 1922.

Injunction. Before Judge R. C. Bell. Dougherty superior court. July 11, 1921.

*Milner & Farkas,* for plaintiff in error.

*James Tift Mann,* contra.