HARRIS *et al. v.* SUTTON *et al.*

No. 6926. MAY 22, 1929.

*George L. Bell Jr.,* for plaintiffs in error.

*James L. Key* and *James L. Mayson,* contra.

BECK, P. J. This was a suit for injunction to restrain the establishment and maintenance and operation of an undertaking establishment in a residential section, where there is also located a large public school. Upon the hearing evidence was introduced by both the plaintiffs and the defendants. At the conclusion of the evidence the judge granted an interlocutory injunction, and the defendants excepted. Under the pleadings and the evidence this case falls within the ruling in *Morrison* v. *Slappey,* 153 *Ga.* 724 (113 S. E. 82), where the grant of an interlocutory injunction under similar facts, upon exceptions taken thereto, was affirmed by this court. *Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurring specially. I am of the opinion that a mortuary or undertaking establishment can not properly be held to be a nuisance per se, if conducted in a proper manner under such rules as prevent its affecting either the health or convenience of the neighborhood. This court has not held to the contrary of the opinion just expressed, and in *Morrison* v. *Slappey* (supra), we expressly declined to rule that an undertaking establishment in a residential section is a nuisance per se. Consequently I am of the opinion that the evidence in this case touching the question as to whether there was substantial injury to the petitioners within the meaning of § 4457 of the Code of 1910, defining nuisance, would of itself perhaps not have authorized the grant of an injunction. Alleged nuisances should not be enjoined merely to gratify fastidious taste. However, in view of the testimony of the superintendent of the public schools of Atlanta as to the deleterious effect of the presence of an undertaking establishment upon the particular nearby school, and in view of the importance of public education to the citizens of the entire commonwealth, it seems to me that the trial judge properly granted the injunction prayed for. Where the

566

consequences of a nuisance are irreparable in damages, and not merely possible, "but to a reasonable degree certain, a court of equity may interfere to arrest a nuisance before it is completed." Civil Code (1910), § 4459.