Zel M. Fischer, Judge,
concurring.
“No man [or woman] should be allowed to be the [judge] who does not understand hogs, or hasn’t been around a manure pile.”[1] I do, I have, and I concur in the principal opinion. Assuming the State has taken property by enacting § 537.296.2,[2] it did so for public use and provided just compensation. But in my view, there has been no taking.[3]
Prior to the enactment of § 537.296, the common law nuisance cause of action provided for damages due to loss of use and enjoyment. Byrom v. Little Blue Valley Sewer Dist., 16 S.W.3d 573, 576 (Mo. banc 2000); McCracken v. Swift & Co., 265 S.W. 91, 92 (Mo.1924). The appellants argue that the State of Missouri has taken their property because § 537.296 prohibits recovery of use and enjoyment damages from crop and animal producers. They cite Hoffmann v. Kinealy, 389 S.W.2d 745, 752-53 (Mo. banc 1965), in which this Court defined “property,” for purposes of determining whether a taking has occurred, to include “the right of use and enjoyment” of property.
The takings provisions in the Missouri Constitution are nearly identical to the federal takings protections embodied in the Fifth Amendment,[4] and the appellants do not argue that this Court should interpret the Missouri provisions differently. See U.S. Const. amend. V; Mo. Const, art. I, §§ 26, 28; Kelo, 545 U.S. at 477-78, 125 S.Ct. 2655; State ex rel. Jackson v. Dolan, 398 S.W.3d 472, 478 (Mo. banc 2013). Under United States Supreme Court precedent, takings generally fall into three cate *336 gories: (1) permanent physical invasions of property by the government; (2) governmental deprivations of “all economically beneficial use” of property; and (3) “regulatory” takings of property under the Penn Central balancing test. See Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 538-39, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005) (emphasis, alteration, citations, and internal quotation marks omitted).
The takings analysis necessarily begins, however, with whether the government’s action actually interfered with constitutionally protected property rights, known as the “bundle of rights.” Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach, 420 F.3d 322, 330 (4th Cir.2005). If the government has not interfered with this bundle of rights, there has been no taking. Id.
Here, the State has not interfered with the appellants’ bundle of rights. Section 537.296.2 does not take the appellants’ rights to use and enjoy property. It eliminates a category of damages for certain nuisances. The right to seek injunctive relief is still intact. See Clutter v. Blankenship, 346 Mo. 961, 144 S.W.2d 119, 121—22 (1940); Edmunds v. Sigma Chapter of Alpha Kappa Lambda Fraternity, Inc., 87 S.W.3d 21, 29 (Mo.App.2002); Hulshof v. Noranda Aluminum, Inc., 835 S.W.2d 411, 419 (Mo.App.1992). This makes abundantly clear that the State continues to recognize and give effect to the appellants’ rights to use and enjoy their property, to the exclusion of crop and animal producers.
The principal opinion states that it is “conceivable that a statute limiting recovery of nuisance damages could sufficiently diminish a landowner’s right to recover damages for an unreasonable interference with the use and enjoyment of his or her property could amount to a regulatory taking. ...” Op. at 330 n.7. Viewing § 537.296.2 as effectuating a taking would be erroneous because it does not infringe on the appellants’ bundle of rights. See Sunrise, 420 F.3d at 330. Also, unlike in the cases cited by the principal opinion, the State itself did not invade the appellants’ land, see Byrom, 16 S.W.3d at 575, 577-78 (involving a public sewer district’s noxious odors), or attempt to dictate how the appellants use their land, see Hoffmann, 389 S.W.2d at 746, 753 (involving the denial of a land use permit). The State did not “delegate” the power of eminent domain to private crop and animal producers, as the appellants contend. And by restricting the nuisance damages recoverable for temporary nuisance, it did not convert that cause of action into one for permanent nuisance — regardless of the analogy drawn previously by this Court, cleverly spun by the appellants, that a permanent nuisance judgment is like a grant of an easement. See Owen v. City of Springfield, Missouri, 741 S.W.2d 16, 18 (Mo. banc 1987).
The State’s action here was to enact legislation modifying a common law cause of action. Except as to vested rights, the General Assembly is free to “ ‘design the framework of the substantive law’ by abolishing or modifying common law or statutorily based claims.” Kilmer v. Mun, 17 S.W.3d 545, 550 (Mo. banc 2000) (footnote and citation omitted); see also De May v. Liberty Foundry Co., 327 Mo. 495, 37 S.W.2d 640, 645-48 (1931). When § 537.296 went into effect, the farm had not yet populated its CAFO with swine. The State could not have taken any vested property rights in the appellants’ temporary nuisance claims because those claims had not yet accrued. See Kilmer, 17 S.W.3d at 550; De May, 37 S.W.2d at 645-48.
In my view, there was no taking. Although I concur in the principal opinion’s analyses of private/public use and just compensation,- the Court need not reach *337 those issues. Section 537.296.2' sets out the nuisance damages recoverable from crop and animal producers. It does not purport to take the appellants’ rights to use and enjoy their property, and the State still recognizes and enforces those rights through injunctive relief. Because the appellants’ bundle of rights has not been disturbed, the State has not taken their property. See Sunrise, 420 F.3d at 330.

. Harry S. Truman, who completed one year of law school at the University of Missouri-Kansas City School of Law, my alma mater, suggested this as a requirement to be president of the United States.

. Statutory citations are to RSMo Supp. 2013.

. This Court may affirm summary judgment on any appropriate theory supported by the record. Columbia Cas. Co. v. HIAR Holding, L.L.C., 411 S.W.3d 258, 264 (Mo. banc 2013). Section 537.296.2 sets out the compensatory nuisance damages recoverable from crop and animal producers. Because that provision defeats all of the appellants' claims, I would not reach their challenges to other subsections of the statute, including the separation of powers claim.

.The Fifth Amendment Takings Clause applies to the states through the Fourteenth Amendment. Kelo v. City of New London, Connecticut, 545 U.S. 469, 472 n.1, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005).