CITY OF CLAYTON, a Municipal Corporation, v. PAUL R. NEMOURS, Appellant.—No. 39003.

CITY OF CLAYTON, a Municipal Corporation, v. MRS. A. NEMOURS, Appellant.—No. 39004.—182 S. W. (2d) 57.

Division Two, July 3, 1944.

Motion for Rehearing or to Transfer to Banc, Overruled September 5, 1944.

*Keil & Keil* and *Frank Coffman* for appellant.

62

*Glen Mohler* and *John P. Ossenfort, Jr.,* for respondent.

64

BOHLING, C.—We answer the question here presented in the affirmative; that is: A municipality may prohibit, within reasonable limits, the parking of automobiles on a privately owned and maintained street permitted to be used and used by the public at large for vehicular traffic. No issue exists that the ordinance involved is invalid because of any arbitrary or unreasonable exercise of power, if power of enactment existed; the contention being, broadly stated, that constitutional provisions preclude the valid exercise of the attempted power. Much detail of statement may therefore be avoided; but those interested will find the facts in City of Clayton v. Nemours (Mo. App.), 164 S. W. 2d 935, and Nemours v. City of Clayton (Mo. App.), 175 S. W. 2d 60, to which reference is made. Mrs. A. Nemours (appellant-defendant in cause No. 39004) and Paul R. Nemours (appellant-defendant in cause No. 39003) are mother and son, living together in the mother's property at the intersection of Glen Ridge avenue and Clayton road (7477 Clayton road), Clayton, Missouri. A disposition of one appeal disposes of the other as the constitutive facts are similar.

The appeals are from judgments imposing a fine of $5 each for the violation of ordinance provisions of the city of Clayton prohibiting the parking of automobiles on Glen Ridge avenue (within specified limits which abut on Mrs. Nemours' property), a privately owned and maintained thoroughfare or street used by the public at large within Moorland's addition of said city. The title to said street rests in trustees for the use and benefit of the lot owners of Moorland's addition. The City does not claim that the public user rests upon any right arising from dedication, condemnation, or prescription. Its use by the public has been with the owners' knowledge and consent; and, under the evidence favorable to the City, was established to have existed and continued since about 1930. It was described as particularly heavy in the morning and evening rush hours. Glen Ridge avenue connects Clayton road and Wydown boulevard. Clayton road is heavily traveled and connects with the super highway in Forest Park leading to and from downtown St. Louis.

Subsequent to the public user of Glen Ridge avenue the City enacted on November 10, 1936, ordinance No. 647, the title reading:

"An ordinance regulating traffic upon the public streets of the city of Clayton, Missouri . . . "

Section 1 thereof defined a "Street or highway. Every way or place of whatever nature, open to the use of the public, as a matter of right, for the purposes of vehicular travel." Glen Ridge avenue was not a public street under this definition.

October 12, 1937, the City by ordinance No. 944 amended Sec. 1 of ordinance No. 647 so as to read: "Street or highway. Every way or place open for vehicular travel by the public, regardless of its legal status and regardless of whether it has been legally established by constituted authority or by user for the statutory period of time as a public highway."

The original ordinance (No. 647) defined and prohibited the "parking" of vehicles in certain locations. It was amended in this respect on May 28, 1940, and again on August 27, 1940. Defendant violated said parking law, if valid, by parking his automobile on Glen Ridge avenue within 115 feet north of Clayton road. For ordinance provisions consult City of Clayton v. Nemours, 164 S. W. 2d l. c. 939.

As we read the brief, defendant contends Glen Ridge avenue was established in 1923 as a private way in which defendant, as abutting property owner (the son being a member of the mother's family), held vested property rights of which defendant was deprived without due process of law contra to Sec. 30, Art. II, Mo. Const., and the 14th and 5th Amends., U. S. Const., in that (1) the municipality's ordinance definition of "public streets" was changed so as to include Glen Ridge avenue without notice or other formality to defendant and (2) thereafter, by ordinance, it was made unlawful to park thereon, et cetera, in the interest of the public without notice or other formality. Also (3) that the City determined by legislation that Glen Ridge avenue was a public street whereas whether the use was public was a question for judicial determination under Sec. 20, Art. II, Mo. Const.; and (4) that defendant's private property (interest in the private way) was taken for public use without just compensation contra to Sec. 21, Art. II, Mo. Const., and Amend. 5, U. S. Const.

█ Section 20, Art. II, Mo. Const., prohibits the taking of private property for private use and, "whenever an attempt is made to take private property for a use alleged to be public," makes the question whether the "use be really public" a "judicial question" to be "judicially determined, without resort to any legislative assertion that the use is public." The provision has no application here; because, for one reason, there is no attempt to prevent a judicial determination of whether the use is public.

█ Defendant's basic premise is wrong. Instead of the municipality appropriating private property to a public use, there was evidence that Glen Ridge avenue was devoted to a public use by the

owners thereof and the municipality thereafter, exercising its governmental function referable to the police power, regulated in a reasonable manner such public user for the protection and in the interest of the public safety, health, and welfare.

It is established that the reasonable regulation of the traffic on the public highways is an exercise of the police power, including regulating the parking of automobiles thereon. Cavanaugh v. Gerk (Banc), 313 Mo. 375, 380(I), 280 S. W. 51, 52[1]; City of Clayton v. Nemours (Mo. App.), 164 S. W. 2d 935, 942[16]; 40 C. J. S., p. 240, Sec. 232. Consult Secs. 7172 and 8395, R. S. 1939. The police power is very broad, although not unlimited. It is an incidence to private property titles, its foundation being the control of private interests for the public welfare. Kingshighway Presbyterian Church v. Sun Realty Co., 324 Mo. 510, 515, 24 S. W. 2d 108, 110[5], stating: "Every citizen holds his property subject to the valid exercise of the police power . . ." Bellerive Inv. Co. v. Kansas City, 321 Mo. 969, 980(I), 13 S. W. 2d 628, 634[1] and cases cited; Munn v. Illinois, 94 U. S. 113, 24 L. Ed. 77, 84. Legitimate exercises of the police power may interfere with what laymen would ordinarily consider the private property rights of individuals. Loss arising from a legitimate police regulation of the use of private property is damnum absque injuria; the property owner being not deprived of his property within the due process of law or just compensation provisions of the constitutions. Consult cases supra; Max v. Barnard-Bolckow Drainage Dist., 326 Mo. 723, 731, 32 S. W. 2d 583, 586[7]; Clutter v. Blankenship, 346 Mo. 961, 964[3], 144 S. W. 2d 119, 121 [5-7]; Carson v. Missouri, K. & T. Ry. Co. (Mo.), 184 S. W. 1039, 1040[1]; State ex rel. Becker v. Wellston Sewer Dist. (Banc), 332 Mo. 547, 561[5-7], 58 S. W. 2d 988, 992[7, 8]; Star Square Auto Sup. Co. v. Gerk, 325 Mo. 968, 993(V, VIII), 30 S. W. 2d 447, 459[10, 14]; St. Louis Poster Adv. Co. v. St. Louis, 249 U. S. 269, 274, 39 S. Ct. 274, 63 L. Ed. 599; affirming (Mo. Banc), 195 S. W. 717, following St. Louis Gunning Co. v. St. Louis, 235 Mo. 99, 137 S. W. 929.

In the instant case, sufficient for the purpose of this review, Glen Ridge avenue was devoted, although not dedicated, to the public use by acts of the owners. It was not taken over by the municipality. In so devoting the use of their property, the owners constituted Glen Ridge avenue a de facto although not a de jure public street within the meaning of statutory and ordinance provisions, the word public, when applied to highways, not being restricted to connote ownership alone but in proper instances being employed to describe the use. In determining whether a way is a public or private highway, the use to which the way is put; i. e., whether public or private, is of greater importance than its ownership, its mode of creation or its designation as public or private; because it would tend to create con-

fusion and danger to the traveling public if privately owned highways open to and used by the general public enforced their own rules of the road, free from legitimate public regulation, upon travelers leaving the publicly owned highways and entering upon the privately owned ways; for instance, a requirement of operation on the left hand side of the way et cetera. Consequently: "The law of the road extends to all public highways, however, created, and may also be applicable to roads not public highways, if used for travel." 40 C. J. S. 256, b. To the extent of the public interest thus created by the owners, they subjected Glen Ridge avenue to reasonable police regulations in the furtherance of the public safety, health, and welfare. In accord: 37 Am. Jur., p. 971, n. 20; Phillips v. Henson, 326 Mo. 282, 291, 30 S. W. 2d 1065, 1068[8]; City of Clayton v. Nemours (Mo. App.), 164 S. W. 2d 935, 938[7 et seq.]; Nemours v. City of Clayton (Mo. App.), 175 S. W. 2d 60, 65[1 et seq.]; Crocker v. Jett (Mo. App.), 93 S. W. 2d 74, 76[1, 2]; Crossler v. Safeway Stores, Inc., 51 Idaho, 413, 6 Pac. 2d 151, 80 A. L. R. 463, and annotation; Weirich v. State, 140 Wis. 98, 121 N. W. 652, 22 L. R. A. (N. S.) 1221, 17 Ann. Cas. 802; Commonwealth v. Gammons, 23 Pick. (Mass.), 201; Walton v. St. Louis, I. M. & S. Ry. Co., 67 Mo. 56, 57. Other authorities are mentioned in those cited.

This review is at an end, it having been determined that Glen Ridge avenue was a public street and subject to reasonable municipal police regulations, including the parking of automobiles. See also 42 C. J., p. 627, Sec. 34; 5 Am. Jur., p. 551, Sec. 59; 25 Am. Jur., p. 602, Sec. 309.

The judgments are affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.