## WINFORD v. BARSI et al.
### No. 768.

United States District Court
W. D. Missouri, Southwestern Division.

July 29, 1950.

Birkhead & Teters, Carthage, Mo., for plaintiff.

Seiler, Blanchard & Van Fleet, Joplin, Mo., for defendants.

RIDGE, District Judge.

By the provisions of Section 8410.1, R.S. Mo.1939, Mo.R.S.A., substituted service of process may be had upon a nonresident of the State of Missouri, in all civil actions or proceedings instituted against him for damages to person or property, growing or arising out of the use and operation of a

motor vehicle or trailer by such nonresident on the public highways of said State.

Section 8470.12, R.S.Mo.1939, Mo.R.S.A., defines a "Street or Highway" within the purview of the above statute to be "the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic."

In his complaint herein, plaintiff alleges that the nonresident defendants, by and through their duly authorized agents and employees, did load a motor vehicle owned by them with soap, in the City of Carthage, Jasper County, Missouri, "and did drive said motor vehicle upon the sidewalk built of Carthage marble slab, causing said sidewalk and marble slab to crack and break;" that as a result thereof, said sidewalk gave way while plaintiff was proceeding thereover, precipitating him into the storm sewer beneath the same; and as a result thereof, plaintiff sustained certain claimed personal injuries. Defendants have filed motion to quash the summons and sheriff's return herein, premised on the grounds that the cause of action so stated in the complaint is not one within the purview of Section 8410.1, supra, authorizing substituted service of process upon a nonresident motorist. It is defendants' contention that the wording of the statute in question "indicates that the statute in referring to 'public highways' is referring to that portion of the public highways over which motor vehicles are used and operated, and is clearly distinguishable from 'sidewalks' which are used for foot travel." With such contention, we cannot agree.

Service of process under Section 8410.1, supra, is authorized where a nonresident motorist uses and operates a motor vehicle on the public highways of the State of Missouri, and causes "damages to person or property, including actions for death, growing or arising out of such use and operation." Section 8470.12 defines a "street or highway" in said State to be *"the entire width between property lines of every way or place * * * when any part thereof is open to the use of the pub-*lic, as a matter of right, *for purposes of vehicular traffic."* Hence, a "street or highway" to which the nonresident motorist statute, supra, applies is the entire distance between property lines of the highway when any part of such distance is used for vehicular traffic. This would include the curbing, parking, sidewalks and all other lands situated between property lines adjoining each side of a highway. Cf. Phillips v. Henson, 326 Mo. 282, 30 S.W.2d 1065; City of Clayton v. Nemours, 353 Mo. 61, 182 S.W.2d 57. Absent proof that the property line along Fifth Street, in the City of Carthage, Jasper County, Missouri, is other than at the building sites immediately adjacent to the sidewalk in front of 128 East Fifth Street, in said City, as shown by the photograph attached to plaintiff's suggestions, we have no hesitation in holding that under the provisions of Section 8470.12, supra, said sidewalk is a part of a public highway in the State of Missouri, within the purview of said statutes.

The question remains, whether the injuries alleged to have been sustained by plaintiff were the result of the use and operation of a motor vehicle upon said public highway. In the case of Dodson v. Maddox, 359 Mo. 742, 223 S.W.2d 434, the Supreme Court of the State of Missouri recently held that where a gasoline transport went off a highway at night and crashed into an embankment, and a party who attempted to extricate the driver thereof was severely burned when gasoline which had spilled from the transport ignited presented evidence sufficient to establish negligence on the part of the owners of said gasoline transport in the management and control thereof on a public highway, and recovery of damages was accordingly allowed. In the course of its opinion in the Dodson case, the Supreme Court said, 223 S.W.2d 439: "The wreck of the transport, the spilling of gasoline, the imprisonment of the driver, his calls for help, plaintiff's response thereto, the fire and plaintiff's injuries were but the natural and probable result of defendants' breach of duty in the management and control of its transport on the highway."

If the City of Carthage, Missouri, were here suing for damage occasioned to the public sidewalk under the facts alleged in plaintiff's complaint, we believe that substituted service of process could be had on such a cause of action for damage to property occasioned by the use and operation of a motor vehicle as authorized by Section 8410.1, supra. If plaintiff was standing on the sidewalk in question and a motor vehicle driven by a nonresident was caused to leave the vehicular portion of the street, run over the sidewalk and injure plaintiff, as in Rogles v. United Railways, Mo.Sup., 232 S.W. 93, we believe such an occurrence would give rise to a cause of action for personal injuries occasioned from the use and operation of a motor vehicle by a nonresident within the purview of said statute so as to authorize substituted service of process therein.

■ As above revealed, the cause of action alleged in the complaint is, that after the truck had been loaded at 128 East Fifth Street, in the City of Carthage, Jasper County, Missouri, the driver thereof drove the same "upon the sidewalk." In the Dodson case, supra, the Supreme Court held that "the negligence of defendants, as evidenced by the unusual movements of the transport, set in motion a direct chain of events which directly and without interruption resulted in the injury to plaintiff." 223 S.W.2d 434, 439. Under the theory of recovery allowed in the Dodson case, we believe that the Supreme Court of Missouri would sustain a recovery for negligent use and operation of a motor vehicle by a nonresident driver thereof, as alleged in plaintiff's complaint. If the sidewalk in question was cracked and broken so as to cause the same to give way under a pedestrian proceeding thereover, that would be a set of circumstances "set in motion * * * which directly and without interruption resulted in the injury to plaintiff" within the theory of recovery allowed in the Dodson case.

The decisions relied upon by defendants in support of their said motion are not in point. As shown by the facts therein considered, such decisions rested on the proposition that the accident or injury claimed occurred on private property. Holding as we do, that the sidewalks of the street in question between the property lines when a portion of the property between the property lines is used for vehicular traffic, is a public highway within the purview of the above statutes, such decisions are not controlling of the instant matter.

In light of the foregoing, defendants' motion to quash summons and sheriff's return thereon is by the Court overruled.