Burke, J. (dissenting).
The order should be affirmed. This case comes within the rule that one who has availed himself of the benefits of a statute cannot thereafter attack it. Here the property owners and the city have given the New York City Charter *270 and the Vehicle and Traffic Law a practical construction for over a quarter of a century. When it had seemed advantageous to the property owners, they freely recognized the city’s authority and concomitant power to allow and regulate parking in their community. Now they think that they made a bad bargain. As was said in Mayor of City of N. Y. v. Manhattan Ry. Co. (143 N. Y. 1, 26), “ once such waiver has been made and such consent been given, the party so waiving and consenting is forever concluded thereby. Especially should this be so where the party takes benefits granted by the act.” This theory was also espoused in City of Clayton v. Nemours (353 Mo. 61, 65-66, app. dsmd. 323 U. S. 684 [1945]): “ Defendant’s basic premise is wrong. Instead of the municipality appropriating private property to a public use, there was evidence that * * * [the street] was devoted to a public use by the owners thereof and the municipality thereafter, exercising its governmental function referable to the police power, regulated in a reasonable manner such public user for the protection and in the interest of the public safety, health and welfare.”
The court should not now compel the city to exercise its police power as circumscribed by the property owners who voluntarily opened the streets to the public.
Chief Judge Desmond and Judges Dye, Van Voorhis and Scileppi concur with Judge Fuld; Judge Burke dissents and votes to affirm in an opinion in which Judge Bergan concurs.
Order reversed and matter remitted to the Supreme Court, Bronx County, for further proceedings in accordance with the opinion herein.