**STATE of Missouri, Appellant,**

v.

**George William HODGE, Respondent.**

**No. 74648.**

Supreme Court of Missouri,

En Banc.

Nov. 24, 1992.

Jim Elliott, Pros. Atty., Maries County, Vienna, for appellant.

Ronald D. White, Joseph W. Rigler, Rolla, for respondent.

BENTON, Judge.

On March 18, 1991, the State charged George William Hodge with conflict of interest under §§ *105.454, 105.478 RSMo 1986.* The nine-count information recited that, while employed as superintendent of the Maries R–I School District, Hodge received nine payments for services performed for the school district in excess of $500—a Class B misdemeanor. The information also alleged that these payments were not part of his annual compensation as superintendent, nor part of a contract awarded after competitive bidding. The first payment was April 19, 1990; the last payment January 17, 1991.

On February 18, 1992, Hodge filed three motions to dismiss claiming: 1) that a school district is not a "political subdivision" covered by *§ 105.454 RSMo 1986;*[1] 2) that *§ 105.454 RSMo 1986* was unconstitutionally vague due to a failure to define the term "political subdivision"; and 3) that the prosecutor failed to comply with *§ 105.472 RSMo Supp.1991* by not making a complaint in writing to the Attorney General. All three motions were sustained; the charges dismissed; and the State appeals.

---

**1.** At all times covered by these charges, the relevant portion of the statute read: "No elected or appointed official or employee of the state or any political subdivision thereof, serving in an executive or administrative capacity, shall

(1) Perform any service for any agency of the state or political subdivision thereof in which he is an officer or employee or over which he has any supervisory power for receipt or payment of any compensation, other than the compensation provided for the performance of his official duties, in excess of five hundred dollars per annum, except on transactions made pursuant to an award on a contract let or sale made after public notice and competitive bidding, provided that the bid or offer is the lowest received." *§ 105.454 RSMo 1986.*

As the second motion challenges the validity of a statute, this Court has exclusive jurisdiction. Mo. Const. art. V, § 3. Because *§ 105.454* did not clearly cover Hodge's position, the judgment of the circuit court is affirmed.

## I

The first issue is: whether, at the time of the alleged offenses, the conflict-of-interest provisions of Chapter 105, *§ 105.450* to *§ 105.498*, applied to officials of school districts?

From April 1990 through January 1991, the conflict-of-interest laws covered the employees of "any political subdivision." *§§ 105.452, 105.454 RSMo 1986 & Supp. 1990*. Until August 28, 1991, these laws did *not* define the term "political subdivision." Effective August 28, 1991, the General Assembly enacted a subsection defining "political subdivision" to include "any special district or subdistrict." S.B. 262, Laws of Mo.1991, at 525, 527 (codified at *§ 105.450(8) RSMo Supp.1991*).

The laws on school districts do not uniformly define school districts as political subdivisions. Of the four types of school districts, the General Assembly has defined the status of three types. Only a *special district* is described as "a body corporate and political subdivision of the state." *§ 162.875 RSMo 1986*. An *urban district* or a *metropolitan district* is merely a "body corporate." *§§ 162.461, 162.571 RSMo 1986*. The laws give no such label to *six-director districts*, like the Maries R–I School District. As the statutes define only special districts as "political subdivisions," an implication arises that—unless a law specifically provides—other school districts generally are not political subdivisions.

Numerous statutory and constitutional provisions define the term "political subdivision." Some definitions include school districts in a laundry list of political subdivisions;[2] others do not.[3] Some provisions reference the term "political subdivision," and then expressly include school districts.[4] Other provisions reference "political subdivisions" and expressly exclude school districts.[5] Thus, no universal definition of "political subdivision" exists.

In 1990, the conflict-of interest subchapter of chapter 105 extended from *§ 105.450* to *§ 105.482 RSMo 1986*. No specific section within this subchapter indicated—explicitly or implicitly—which entities are included in "political subdivision." In fact, the act which created *§ 105.454 RSMo 1986* repealed a provision that included school districts in the definition of "political subdivision." H.B. 1610, Laws of Mo.1978, at 246, repealing *§ 105.450(1) RSMo 1969*. Early versions of the act expressly covered superintendents of school districts. *See Journal of the House*, 79th General Assembly, 2d. Sess., at 1345–47 (1978). This language was not in the final version.

Other provisions within chapter 105—outside the conflict-of-interest subchapter—define "political subdivisions." These definitions differ. The subchapter on old age and survivors insurance includes school districts as political subdivisions. *§ 105.-300(8) RSMo 1986*. The general subchapter expressly excludes school districts from the political subdivisions which submit fiscal reports to the State Auditor. *§ 105.-145.1(2) RSMo 1986*. The subchapter on public-employee labor organizations treats school districts as political subdivisions. *§§ 105.500, 105.510 RSMo 1986*. Thus, the surrounding subchapters do not define "political subdivision" consistently.

In short, prior to January 1991, the Missouri Constitution and statutes did not clearly indicate whether school districts were included within the phrase "political subdivision" in *§ 105.454 RSMo 1986*. As this case involves a penal statute, this Court must strictly construe the law

---

2. *See, e.g.,* Mo. Const. Art. X, § 15; *§ 70.210 RSMo Supp.1989; § 105.300 RSMo 1986; § 142.010 RSMo 1986; § 536.200.1 RSMo Supp. 1989.*

3. *See, e.g., § 44.010 RSMo 1986; § 67.750 RSMo 1986; § 115.013 RSMo 1986.*

4. *See, e.g., § 34.350 RSMo Supp.1989; § 87.-260(1) RSMo 1986; § 137.072 RSMo 1986.*

5. *See, e.g.,* Mo. Const. Art. VI, § 18(c); *§ 67.-090.2 RSMo 1986; § 67.800 RSMo 1986; § 70.-600 RSMo Supp.1989; § 105.145 RSMo 1986; § 251.020 RSMo 1986.*

against the State. *State v. Stewart*, 832 S.W.2d 911, 913–14 (Mo. banc 1992). This Court holds that, prior to January 1, 1991, school superintendents in six-director districts were not subject to § *105.454 RSMo 1986.* Dismissal of the first eight counts of the information is affirmed.

This issue is only slightly less clear for Count IX, alleging the receipt of $1,327.50 illegally on January 17, 1991. The 1990 law on conflict of interest took effect January 1, 1991. H.B. 1650 & H.B. 1565, Laws of Mo.1990, at 514, 523. Some of the new sections—within the conflict-of-interest subchapter—required that officials of political subdivisions file financial disclosure statements. *Id.* at 519. These sections cover officials of larger school districts. *Id.* at 519 (codified at § *105.483 RSMo Supp.1990*). The State could argue that the conflict-of-interest subchapter implicitly treats larger school districts as political subdivisions after January 1, 1991.

 The State, at no time in its arguments, separated Count IX from the other counts. *The information does not allege— nor apparently could there be evidence* [6]*— that the Maries R–I School District is one of the "larger" school districts.* This Court, thus, affirms the trial court on the first motion to dismiss—alleging that Hodge was not covered by § *105.454 RSMo 1986*—with respect to Count IX, as well as all other counts.

### II

Affirming the dismissal of all counts moots the question whether it is unconstitutional to apply § *105.454*—as it existed before the 1991 amendments defining political subdivisions—to Hodge. It also moots the question whether the proper procedure was followed in this case.

### III

As the trial court did not erroneously declare the law in sustaining Hodge's first

---

**6.** According to the *1990–91 Report of the Public Schools of Missouri* 116, 138, 164—required by § *161.092(10) RSMo 1986*, and thus prima facie evidence by § *490.160 RSMo 1986*—the Maries

---

motion to dismiss, the judgment below is affirmed.

All concur.

R–I School District is nowhere near classification as a larger district subject to the requirements of § *105.483 RSMo Supp.1990*.