The Honorable Linda Bartelsmeyer State Representative, District 132 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Bartelsmeyer:
This opinion is in response to your question asking:
 In making purchases, can a school district in a second, third or fourth class county in Missouri purchase goods or commodities from an employee of said school district?
Your opinion request does not refer to any specific factual situation about which you are concerned. Your opinion request indicates the purpose of your request is to clarify the law. Therefore, we will address your question in general terms rather than with respect to a specific factual situation.
Section 171.181, RSMo 1994, states:
 171.181. Preference given Missouri products in making purchase — certain six-director school districts, board member selling to district prohibited, exceptions, penalty. — In making purchases, the school board, officer, or employee of any school district shall give preference to all commodities, manufactured, mined, produced or grown within the state and to all firms, corporations or individuals doing business as Missouri firms, corporations, or individuals, when quality and price are approximately the same; provided, however, that any board member; officer or employee of a six-director school district, any portion of which is located in a first class county, selling or providing such commodities to the school district shall be guilty of a class A misdemeanor and shall forfeit his position with the school district and provided further that any board member, officer or employee of a six-director school district, any portion of which is located in a county of the second, third or fourth class, selling or providing such commodities to the school district except as provided in sections 105.450 to 105.458, RSMo, shall be guilty of a class A misdemeanor and shall forfeit his position with the school district.
[Emphasis added].
The current version of Section 171.181 was enacted in 1989.See Laws of Missouri, 1989, pages 378, 381-382. Prior to the 1989 statutory change, the relevant provision in the prior version of Section 171.181 stated: ". . . provided, however, that any board member, officer or employee of a school district selling or providing such commodities to the school district shall be guilty of a misdemeanor and shall forfeit his position with the school district." Before the 1989 statutory amendment, board members, officers and employees of a school district were prohibited from selling or providing such commodities to the school district. The 1989 statutory amendment added the reference to six-director school districts and distinguished between six-director school districts, any portion of which is located in a first class county, and six-director school districts, any portion of which is located in a county of the second, third or fourth class.[1]
When the legislature has altered an existing statute, such change is deemed to have an intended effect, and the legislature will not be charged with having done a meaningless act. State v.Sweeney, 701 S.W.2d 420, 423 (Mo. banc 1985). Where an absolute prohibition on the sale or providing of commodities existed before the 1989 statutory amendment, we presume that the 1989 statutory amendment was intended to have some effect such that an absolute prohibition no longer exists after the statutory amendment. The effect of the 1989 statutory amendment is to remove the absolute prohibition on a school board member, officer or employee of a six-director school district, any portion of which is located in a county of the second, third or fourth class, selling or providing commodities to the school district.
Every word, clause, sentence, and section of a statute should be given meaning. State v. Caldwell, 904 S.W.2d 81, 82 (Mo.App. 1995). To give effect to the phrase "except as provided in sections 105.450 to 105.458," the statute means that a board member, officer or employee of a six-director school district, any portion of which is located in a second, third or fourth class county, does not violate Section 171.181 if the selling or providing of such commodities does not violate Sections 105.450
to 105.458, RSMo.
Because we have not been presented with a specific factual situation, it is not feasible for us to address whether a specific selling or providing of commodities violates any of the provisions of Sections 105.450 to 105.458. Relevant to most situations involving an employee of a school district[2] in a second, third or fourth class county is Section 105.454 (2) which states:
 105.454. Additional prohibited acts by certain elected and appointed public officials and employees, exceptions. — No elected or appointed official or employee of the state or any political subdivision thereof, serving in an executive or administrative capacity, shall:
* * *
 (2) Sell, rent or lease any property to any agency of the state, or to any political subdivision thereof in which he is an officer or employee or over which he has supervisory power and received consideration therefor in excess of five hundred dollars per year unless the transaction is made pursuant to an award on a contract let or sale made after public notice and in the case of property other than real property, competitive bidding, provided that the bid or offer accepted is the lowest received; [Emphasis added.]
* * *
There is no violation of Section 105.454 (2) if the consideration received is not in excess of $500 per year or the selling or providing of the commodity is after public notice, with competitive bidding, and the bid accepted is the lowest received.
CONCLUSION
It is the opinion of this office that an employee of a six-director school district located in a second, third or fourth class county does not violate Section 171.181, RSMo 1994, in selling commodities to the school district if the sale of such commodities does not violate Sections 105.450 to 105.458, RSMo 1994.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Your question apparently relates to a school district solely within a second, third or fourth class county. Therefore, we need not address the situation of a school district which is partially located in a first class county and partially located in a second, third or fourth class county.
[2] In State v. Hodge, 841 S.W.2d 658, 659-660 (Mo. banc 1992), the Missouri Supreme Court concluded that a school district was not a political subdivision for purposes of a prior version of Section 105.454. In 1991, the Missouri General Assembly added a definition for "political subdivision" in Section 105.450. See Laws of Missouri, 1991, pages 525, 527. Based on this statutory amendment in 1991, we conclude a school district is a "political subdivision" for purposes of Section105.454, RSMo 1994.