STATE of Missouri, Respondent,

v.

William DUNN, Appellant.

No. SC 85914.

Supreme Court of Missouri,
En Banc.

Oct. 26, 2004.

Kevin D. Weakley, James L. (Jay) Mow-Bray, Kansas City, for Appellant.

Steven L. Stevenson, Andrew County Prosecuting Atty., Savannah, for Respondent.

RONNIE L. WHITE, Chief Justice.

## I.

At a bench trial, William Dunn, Appellant, was found guilty of violating section 304.050.4 for discharging a student from the school bus he was driving at a place with less than 300 feet of visibility for drivers of other vehicles. He now challenges the validity of this section and the sufficiency of the evidence to sustain his conviction. Because of the constitutional challenge, this Court has jurisdiction pursuant to Mo. Const. art. V, sec. 3. The judgment of the trial court is affirmed.

## II.

On November 8, 2002, Appellant, a school bus driver employed by Laidlaw Transit, was discharging students from Savannah, Missouri's public schools along Route D—a two-lane state lettered road. Appellant missed the proper stop for student Sarah Rost, where her driveway intersected with the road at the crest of a

hill, and he stopped and discharged her on the south side of the hill. After discharging Ms. Rost, a Jeep crested the hill, had to swerve to avoid the bus, rolled over and caught fire. A pick-up truck then crested the hill and ran into the back of the bus.

Candy Frakes, the safety director for Laidlaw Transit and a certified accident reconstructionist, testified that she measured the distance from the rear of where Appellant believed he stopped the bus to the crest of the hill and found the bus stopped 53 feet past the driveway. She also took photos from her car allegedly showing the bus was visible from the distance of 300 feet north from where Ms. Rost was discharged and 500 feet to the south. Ms. Frakes also testified that she was able to visualize her car 163 feet north or past the crest of the hill when looking north from where the bus had stopped.

Missouri Highway Patrol Trooper Andrew Tourney testified that he measured the distance from the rear of the bus after the collision with the pick-up truck to the crest of the hill at 216 feet. The officer further testified that, when looking south on Route D, "You cannot see over the crest of that hill." Similarly, Greg Rost, Sarah Rost's father, testified that he measured the distance from where his daughter told him the bus stopped to the crest of the hill and found it to be approximately 250 feet. He also confirmed there was no visibility over the crest of the hill if following the route the bus took.

### III.

Appellant argues that the trial court erred when finding him guilty and with not granting dismissal or judgment notwithstanding the verdict because the pertinent language in section 304.050.4 is so vague as to fail to provide sufficient warning as to the proscribed conduct. Specifically, he contends that statute appears to only apply to highways with four or more lanes of traffic and that the words "plainly visible" are so ambiguous as to result in an arbitrary and discriminatory application of the law.

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. The test for vagueness is whether the language conveys to a person of ordinary intelligence a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Nevertheless, neither absolute certainty nor impossible standards of specificity are required in determining whether terms are impermissibly vague." [1]

Section 304.050, in pertinent part, provides:

No driver of a school bus shall take on or discharge passengers at any location **upon a highway consisting of four or more lanes of traffic,** whether or not divided by a median or barrier, in such manner as to require the passengers to cross more than two lanes of traffic; **nor shall** any passengers be taken on or discharged while the vehicle is upon **the road or highway** proper unless the vehicle so stopped is plainly **visible** for at least five hundred feet in each direction to drivers of other vehicles in the case of a highway with no **shoulder and a speed limit greater than sixty miles per hour** and at least three hundred feet in each direction to drivers of other vehicles **upon other highways,** and **on all highways,** only for such time as is actually necessary to take on and discharge passengers.

While the statute is not the model of clarity, it separates the parts pertaining to

1. *State v. Brown,* 140 S.W.3d 51 (Mo. banc 2004) (No. SC85582, decided August 3, 2004).

highways consisting of four or more lanes and those pertaining to "other" or "all" highways by use of a semicolon and the words "nor shall."

Section 304.014 requires every person operating or driving a vehicle upon the highways of this state to observe and comply with all of the rules of road outlined in chapter 304.[2] The purpose of chapter 304 is best articulated in section 304.010 requiring drivers on the highways of Missouri to exercise the highest degree of care. The word "highway," as used in chapter 304 has been consistently given in its popular rather than technical meaning and has been interpreted to include "all highways traveled by the public, regardless of their legal status."[3] "The law of the road extends to all public ways, however created and may also be applied to roads not public highways, if used for travel."[4] The testimony of Officer Tourney established that Route D is a "two-laned state lettered road"—a state highway by definition.[5] This highway is, as are all highways not specifically delineated, encompassed within the second part of section 304.050.

With regard to Appellant's challenge to the terms "plainly visible," it must be emphasized that a vagueness challenge is applicable only to the facts at hand.[6] There is nothing ambiguous about how to apply the "plainly visible" language when the evidence confirmed there was *no visibility* to other drivers until they crested the hill obstructing their view. Regardless of the variance in witness testimony as to the exact location of the stopped bus, all of the measurements established that the bus had stopped short of being visible at a distance of 300 feet to other drivers once their view became unobstructed.[7] The evidence presented was sufficient to establish that the maximum visible distance by drivers in other vehicles traveling south to where the bus discharged Ms. Rost was less than the statutorily required 300 feet.[8] Considering the facts at hand, not only does the language of section 304.050.4 unambiguously convey to a person of ordinary intelligence a sufficiently definite warning as to the proscribed conduct, but also sufficient evidence was adduced at trial to support Appellant's conviction.[9]

---

2. Section 304.014. All statutory references are to RSMo 2000 unless otherwise noted.

3. *McTeer v. Clarkson Const. Co., Inc.*, 807 S.W.2d 174, 177 (Mo.App.1991) (quoting *Phillips v. Henson*, 326 Mo. 282, 30 S.W.2d 1065, 1068 (1930)).

4. *City of Clayton v. Nemours*, 353 Mo. 61, 182 S.W.2d 57, 60 (1944); *State ex rel. Audrain County v. City of Mexico*, 355 Mo. 612, 197 S.W.2d 301, 303 (1946).

5. Section 304.001.13.

6. *Cocktail Fortune, Inc. v. Supervisor of Liquor Control*, 994 S.W.2d 955, 958–59 (Mo. banc 1999).

7. Even the measurements taken by Appellant's witness, Ms. Frank, came up short, and the weight given to the pictures of her reconstruction was within the trial court's discretion. This Court defers to the trial court's evaluation of witness credibility and the weight of the evidence. *State v. Miller*, 894 S.W.2d 649, 651 (Mo. banc 1995).

8. Appellate review is limited to determining whether there is sufficient evidence from which a reasonable trier of fact might have found the defendant guilty beyond a reasonable doubt. *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998). This Court accepts as true all of the favorable evidence and inferences to the state and disregards all contrary evidence and inferences. *Id.*

9. When finding that Appellant violated section 304.050.4, the trial judge took judicial notice of his personal knowledge of the roadway. This notice was exercised in error because that information was not in evidence. However, there was still sufficient evidence adduced from the witnesses to establish Appellant's violation.

## IV.

The judgment is affirmed.

WOLFF, STITH, PRICE, TEITELMAN and LIMBAUGH, JJ., and BLACKMAR, Sr.J., concur.

RUSSELL, J., not participating.