Dear Ms. Thank:
The above-referenced opinion of the Missouri Attorney General has been withdrawn and should not be included in the annotations in V.A.M.S. A copy of this opinion is enclosed for your reference.
Sincerely,
CHRIS KOSTER Attorney General
COMPENSATION FOR TOWNSHIP TRUSTEE: POLITICAL SUBDIVISIONS: TOWNSHIP TRUSTEE: TOWNSHIPS:
The common law generally forbids contracts that pay officials for extra services germane to their office. Section 65.230(3) creates a narrow exception to this rule. Because §§ 105.454 and 105.458 are criminal statutes which do not clearly define the term "political subdivision" to include townships, these statutes cannot be applied to townships. Therefore, the contract at issue does not violate those statutes. But to the extent the contract does not strictly comply with the requirements of § 65.203, it is void under the common law.
OPINION NO. 121-2009
 August 13, 2009
Julie A. Allen, CPA, PMP Executive Director Missouri Ethics Commission P.O. Box 1254 Jefferson City, MO 65102
Dear Executive Director Allen:
This opinion is in response to your request regarding a township trustee/ex officio treasurer (hereafter "township trustee") who performed road and bridge work for the township for compensation. You have asked several questions about whether this conduct is permissible under § 65.230, [1] § 105.454, and § 105.458. These three statutes regulate extra compensation for various types of public officials.
The background for these statutes is the common law, which generally forbids contracts that pay officials for extra services germane to their office, and renders these contracts void because they are against public policy. Becker v. St. FrancoisCounty, 421 S.W.2d 779, 782 (Mo. 1967); Polk Tp., SullivanCounty v. Spencer, 259 S.W.2d 804, 805-07 (Mo. 1953); NodawayCounty v. Kidder, 129 S.W.2d 857, 861 (Mo. 1939) ("A member of an official board cannot contract with the body of which he is a member;" such a contract is void as against public policy); Attorney General Opinion 110-92 (Smith) and opinions cited therein.
There is too much risk of self-dealing in these types of situations.
The first statute at issue is § 65.230, which provides, in pertinent part, as follows: *Page 2 
 (3) Township officials may receive an hourly wage set by the township board for labor performed for the benefit of the township. Such wage shall not exceed the local prevailing wage limits and shall not include pay received for attending monthly meetings or pay received by the treasurer for performing duties required of his or her office.
By its plain terms, this section allows a township trustee to receive "an hourly wage" for "labor performed for the benefit of the township," limited by the "local prevailing wage limits." Section 65.230(3). Under this statute, a township trustee could be paid at this type of wage for this type of labor. However, statutes regarding pay of public officials are strictly construed against the official receiving pay. Maxwell v.Daviess County,190 S.W.3d 606, 613-14 (Mo.App. W.D. 2006). And, this statute conflicts with the common law against public officials having contracts with the body they represent. See Becker v. St. FrancoisCounty, 421 S.W.2d at 782; Polk Tp., SullivanCounty v. Spencer, 259 S.W.2d at 805-07;Nodaway County v. Kidder, 129 S.W.2d at 861. Where a statute conflicts with rights granted by common law, courts strictly construe those statutes, and weigh their decisions "in favor of retaining the common law." State ex rel. Drown v.III Invs., Inc.,80 S.W.3d 855, 860 (Mo.App. W.D. 2002).
The potential for self-dealing is present here, because the township board of directors can spend up to one-fourth of its tax revenue to pay for road and bridge work within the township. Section 65.295, RSMo 2000. Therefore, township trustees could award themselves contracts for township work, appropriating to themselves a substantial amount of the township's total budget. Accordingly, under the common law, any contract to pay a township trustee for road work performed for the township would be void as against public policy.
Because § 65.230(3) regards compensation for officials, and because it conflicts with the common law, it must be strictly construed to give as much breadth as possible to the common law right for the public to have these types of contracts declared void. Therefore, unless a contract complies with all the requirements of § 65.230(3), that contract would be void. But if the statute's provisions are all followed exactly, it would be permissible under this section for the township trustee to be paid an hourly wage less than or equal to the prevailing wage for labor for road and bridge work performed for the township.
The next question is whether § 65.230(3) conflicts with §§ 105.454 and 105.458. The relevant portion of § 105.454 provides as follows: *Page 3 
 No elected or appointed official or employee of the state or any political subdivision thereof, serving in an executive or administrative capacity, shall:
 (1) Perform any service for any agency of the state, or for any political subdivision thereof in which he or she is an officer or employee or over which he or she has supervisory power for receipt or payment of any compensation, other than of the compensation provided for the performance of his or her official duties, in excess of five hundred dollars per transaction or five thousand dollars per annum, except on transactions made pursuant to an award on a contract let or sale made after public notice and competitive bidding, provided that the bid or offer is the lowest received[.]
The relevant portion of § 105.458 provides as follows:
 1. No member of any legislative or governing body of any political subdivision of the state shall:
 (1) Perform any service for such political subdivision or any agency of the political subdivision for any consideration other than the compensation provided for the performance of his or her official duties, except as otherwise provided in this section[.]
The statute has prohibitions and limited exceptions for certain real estate contracts and business contracts with the political subdivision. Section 105.458.
If these two statutes conflict with § 65.230, that conflict would need to be resolved with cannons of statutory construction.South Metropolitan Fire Protection Dist. v. City of Lee'sSummit, 278 S.W.3d 659, 666 (Mo. banc 2009).
In determining whether §§ 105.454 and 105.458 conflict with § 65.230(3), it is first necessary to decide whether §§ 105.454 and 105.458 are civil or criminal statutes. If these statutes are criminal statutes, they will be construed strictly against the state. This is because criminal statutes are bound by the constitutional protection of due process-that people are entitled to know what conduct will subject them to a loss of liberty. Connally v. Gen. Constr. Co.,269 U.S. 385, 391-95 (1926) (criminal statute which did not define term *Page 4 
"locality" was too vague to be enforced); State v. Johnson,244 S.W.3d 144, 168 (Mo. banc 2008) (rule of lenity requires ambiguous criminal statutes to be construed strictly against the state); see State v. Dunn, 147 S.W.3d 75, 77 (Mo. banc 2004) ("`It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. . . .'");State v. Pribble, 285 S.W.3d 310, 315 (Mo. banc 2009) (statute is not void for vagueness if person of ordinary intelligence has definite warning as to proscribed conduct).
Neither § 105.454 nor § 105.458 lists any criminal penalties for a violation of the statute. However, § 105.478 provides as follows:
 Any person guilty of knowingly violating any of the provisions of sections 105.450 to 105.498 shall be punished as follows:
 (1) For the first offense, such person is guilty of a class B misdemeanor;
 (2) For the second and subsequent offenses, such person is guilty of a class D felony.
This section provides a criminal penalty for violation of §§ 105.450-105.498. Sections 105.454 and 105.458 fall within that range. Therefore, §§ 105.454 and 105.458 are criminal statutes, and must be interpreted strictly against the state. CottlevilleCmty. Fire Protection Dist. v. Morak,897 S.W.2d 647, 648-49 (Mo.App. E.D. 1995).
Section 105.454 forbids elected officials of a political subdivision from performing services for the political subdivision they represent, unless the transactions are individually and annually below certain dollar amounts, or are the lowest competitive bid. Under this section, if a township trustee fits the definition of an elected official of a political subdivision, that trustee would be bound by the dollar amounts in this statute. A township trustee is an elected officer. Section 65.110. Therefore, if a township is a political subdivision, this section would apply to a township trustee.
Section 105.458 prohibits members of the governing body of any political subdivision from performing any service for that political subdivision for any consideration. Under this section, if a township trustee is a member of the governing body of a political subdivision, that trustee would be bound by this section. A township trustee is a member of the township *Page 5 
board of directors, which is the governing body of the township. Section 65.290. Therefore, if a township is a political subdivision, this section would apply to a township trustee.
Accordingly, for both § 105.454 and § 105.458, deciding whether or not they apply to a township trustee turns on whether a township fits the definition of "political subdivision."
The term "political subdivision" is defined in § 105.450 as follows:
 As used in sections 105.450 to 105.496 and sections 105.955 to 105.963, unless the context clearly requires otherwise, the following terms mean:
 . . . .
 (8) "Political subdivision" shall include any political subdivision of the state, and any special district or subdistrict[.]
This definition does not explicitly state whether a township is a political subdivision.[2]
The term "political subdivision" has many different definitions in the statutes.[3] There are places in the Missouri Constitution and statutes where the term does include townships. See, e.g., Art. X, § 15, Missouri Constitution (term includes all townships that have power to tax); § 67.750(7) (term includes any township). There are also places in the statutes where the term does not include townships.See, e.g., § 44.010(14) ("`Political subdivision', any county or city, town or village, or any fire district created by law"); § 190.100(30) ("`Political subdivision', any municipality, city, county, city not within a county, ambulance district or fire protection district located in this state which provides or has authority to provide ambulance service").
The definition of "political subdivision" in Chapter 105 includes "any special district or subdistrict." Section 105.450. But townships do not appear to be defined as "special districts or subdistricts" anywhere in the statutes. Many sections that set forth political units *Page 6 
list townships separately from special districts, which implies that they are separate entities.See, e.g., §§ 115.077, 115.085, 115.305,251.020(6), and 257.020(3).
One possible way to interpret the phrase "any political subdivision" would be to say that if anywhere in the Constitution or statutes the entity is defined as a political subdivision, it counts as a political subdivision for purposes of this statute. Under this view, because a township is sometimes considered to be a political subdivision in other laws, it would come under the requirements of § 105.454 and § 105.458.
However, because these two statutes have criminal penalties set out in § 105.478, they are criminal statutes, and must be construed strictly against the state. State v. Johnson,244 S.W.3d 144, 168 (Mo. banc 2008). Because Chapter 105 does not clearly define the term "political subdivision" to include townships, there is ambiguity. Because there is ambiguity as to whether a township is a political subdivision, the two statutes must be construed narrowly-to exclude townships. State v. Hodge,841 S.W.2d 658, 659-60 (Mo. banc 1992).
In State v. Hodge, the Missouri Supreme Court decided whether §§ 105.450 to 105.498 applied to officials of school districts. State v. Hodge,841 S.W.2d at 659-60. At that time the definition of "political subdivision" in § 105.450 was "any political subdivision"-it did not include the phrase "and any special district or subdistrict."Id. at 659. The Court examined the laws and statutes, and found that school districts were not uniformly included in that term.Id.[4] The Court then held:
 In short prior to January 1991, the Missouri Constitution and statutes did not clearly indicate whether school districts were included within the phrase "political subdivision" in § 105.454 RSMo 1986. As this case involves a penal statute, this Court must strictly construe the law against the State. This Court holds that, prior to January 1, 1991, school superintendents in six-director districts were not subject to § 105.454 RSMo 1986.
Id. at 659-60 (citation omitted). *Page 7 
Under the reasoning of Hodge, there is no clear indication in the statutes that townships are political subdivisions under § 105.450. Because criminal statutes must be strictly construed against the state, townships would not be subject to §§ 105.454 and 105.458 at all.[5]
Therefore, § 65.230, which specifically allows township officers to have certain contracts with the township they represent, does not conflict with §§ 105.454 and 105.458, which have criminal penalties for engaging in similar conduct.
In summary, the common law generally forbids contracts that pay officials for extra services germane to their office. But § 65.230(3) creates a narrow exception to this rule. Sections 105.454 and 105.458, which regulate political subdivisions and special districts, are criminal statutes which do not clearly define the term "political subdivision" to include townships. Therefore, these statutes cannot be applied to townships. Because they do not apply to townships, and § 65.203 does, the statutes do not conflict with each other.
With this analysis, it is possible to answer your list of questions:
 (1) (a) What is the application of § 65.230 to a township trustee/ex officio treasurer who performs road and bridge work for the township after 2005?
 Section 65.230 applies, and is a limited exception to the common law rule which voids these types of contracts as against public policy.
 (b) Does § 65.230(3) authorize payment for these services "for the benefit of the township"?
 Yes, but only for an hourly wage, and only for labor, and only if that labor is charged at an amount at or below the prevailing wage.
 (c) Are these wages authorized under the statute as compensation for "performing duties required of his or her office"?
 Without more facts, this question cannot be answered. For example, actually pouring cement to physically create the road would likely not be part of the duties required of a township trustee. But inspecting a road work area to ensure that work is being *Page 8 
performed consistently with a contract for road work could be part of the duties required of a township trustee, and therefore could not be paid with additional compensation under this statute or the common law.
 (d) Are these labor wages for bridge and road work considered compensation for duties as trustee/ex officio treasurer, or are these wages in addition to the compensation for trustee/ex officio treasurer?
 See (c), above.
 (2) If § 65.230 authorizes payment for these services, what is the application of §§ 105.454 and 105.458? Can the statutes be read consistently, and if not, which would govern?
Because §§ 105.454 and 105.458 are criminal statutes which do not clearly govern townships, these statutes may not be applied to townships. However, the common law forbids these types of contracts as against public policy. Accordingly, § 65.230 governs, but must be strictly construed against the township trustee, to provide as small as possible an exception to the common law rule.
 CONCLUSION
The common law generally forbids contracts that pay officials for extra services germane to their office. Section 65.230(3) creates a narrow exception to this rule. Because §§ 105.454 and 105.458 are criminal statutes which do not clearly define the term "political subdivision" to include townships, these statutes cannot be applied to townships. Therefore, the contract at issue does not violate those statutes. But to the extent the contract does not strictly comply with the requirements of § 65.203, it is void under the common law.
[1] All references to these three statutes are to RSMo Cum. Supp. 2005. References to all other statutes are to RSMo 2000.
[2] A township is "a body corporate." Section 65.260.
[3] At one time Missouri courts held that the term "political subdivision," as used in the Missouri Constitution, included only counties and the City of St. Louis, and did not include municipal corporations or local authorities. Kansas City v. Neal,26 S.W. 695, 696 (Mo. 1894); St. Charles County v. Powell,22 Mo. 525, *3 (Mo. 1856).
[4] Attorney General Opinion 167-96 (Bartelsmeyer) opined in note 2 that with the changes, school districts would be included in the definition of political subdivision.
[5] Attorney General Opinion 86-87 (Howard) involved a board member of a drainage district accepting pay for work such as contract mowing and brush clearing. Because a drainage district is a special district, it is a political subdivision under § 105.450. Therefore, that opinion is distinguishable from the facts here. *Page 1